## WILHELMINA DRINKHORN v. AUGUST BUBEL.

*Assault—Justification.*

In this case a judgment for the plaintiff for $50 damages for an alleged assault and battery committed by the defendant is affirmed. No special legal questions are involved.

Error to Macomb. (Canfield, J.) Argued April 14, 1891. Decided May 8, 1891.

Trespass. Defendant brings error. Affirmed. The facts are stated in the opinion.

*Lungerhausen & Erskine,* for appellant, contended:

1. The court in instructing the jury ignored any contributory element by the plaintiff which was wrongful, and necessarily calculated to induce the very excess of force complained of, and which, if found by the jury, would relieve the defendant of all claimed liability; citing *Tayolr v. Adams,* 58 Mich. 187, 194, 195; *Galbraith v. Fleming,* 60 Id. 403, 407; *Marsh v. Bristol,* 65 Id. 378.

2. The testimony is clear that defendant harvested the wheat and stored it in Drinkhorn's barn, with his permission, and that he owned one-half of the wheat, and that he informed Drinkhorn that he would thresh the last of that week, and that Drinkhorn assented. From these uncontradicted facts defendant had an irrevocable license to enter upon the premises and thresh the grain, and plaintiff had no right to resist or oppose him in so doing; citing *Drake v. Wells,* 11 Allen, 141; *Giles v. Simonds,* 15 Gray, 441; *Nettleton v. Sikes,* 8 Metc. 34.

*Eldredge v. Spier,* for plaintiff.

GRANT, J. Defendant, during the year 1887, leased the farm of the plaintiff's husband upon shares. At the close of the year defendant surrendered possession of the place to Mr. Drinkhorn. Defendant had put in some wheat upon the farm, which he was entitled to harvest in the

season of 1888. By agreement the wheat was stored in Mr. Drinkhorn's barn, with the right given to defendant to enter upon the premises and thresh it. He had told Mr. Drinkhorn when he would come, which appeared to be satisfactory.

On August 3 defendant came with his help to thresh. A dispute having arisen between defendant and Drinkhorn in regard to an alleged debt, Mr. Drinkhorn testified that he had informed defendant that he could not thresh the wheat until they had settled, and told his wife, the plaintiff, to tell defendant, if he came, to leave it alone until he (Drinkhorn) came from the field to take care of it himself. When defendant came plaintiff told him to go and tell her husband to come and take his tools out of the barn, or, as defendant says, to pay what he owed, and then he could thresh. A dispute thereupon arose, and plaintiff claims that she was assaulted by the defendant. The mother of plaintiff also came out shortly after, and defendant claims that she interfered with him and his work. Defendant took hold of the mother, and put her one side. During the quarrel defendant took hold of plaintiff, and, according to her testimony, threw her down and struck her, inflicting considerable injury. Defendant insists that he was using no more force than he was lawfully entitled to use in putting the mother out of the way; that plaintiff then assaulted him; and that he used no more force in resisting this assault than was justifiable.

The testimony is conflicting, and the errors assigned arise upon the defendant's requests to charge. After instructing the jury as to the nature of the case, the circuit judge delivered a very fair and careful charge covering the law by which the jury were to be guided. To this charge no exceptions were taken upon the trial, but on it certain errors are assigned. We find no error in

the charge, and the principles involved are so elementary that we consider it unnecessary to discuss them.

The only exception taken upon the trial was to the refusal of the court to give the defendant's requests. The first request is as follows:

"If you find that an assault was made by plaintiff on defendant, in order for plaintiff to recover she must convince you by a preponderance of evidence that defendant used more force than was reasonably necessary in repelling such assault; further, that plaintiff exercised a reasonable degree of care and prudence to avoid the injury."

Plaintiff denied making any assault on the defendant. Defendant's evidence showed that plaintiff attacked defendant while he was removing her mother out of his way. The charge of the court was full and explicit as to the right of the plaintiff to defend her mother from defendant's assault, and as to the rights of defendant in removing her mother out of the way, and in protecting himself from plaintiff's assault. The first part of this request was, in substance, given. The second part was inapplicable to the case.

The second request was to the effect that plaintiff had no right to resist defendant, under the agreement between him and her husband. The alleged assault upon plaintiff did not occur while she was attempting to resist him.

The third request was to the effect that if defendant, being lawfully on the premises, was harassed, annoyed, and prevented from performing his lawful work by plaintiff's mother, he had the right to rid himself from her annoyance, and, if in doing so he exercised reasonable care and prudence, plaintiff had no right to assault defendant in the protection of her mother. This was given by the court in almost the identical language of the request.

The other two requests were directed to the authority of the plaintiff, under the instructions given her by her husband, and her right to employ force in resisting defendant, and ejecting him from the premises. If the assault had been committed while plaintiff was in the act of resisting, or attempting to eject defendant from the premises, it might become necessary to consider these requests; but, as already stated, under the claim of neither party was this the case.

The verdict and judgment in the court below were in favor of the plaintiff for $50.

Judgment is affirmed.

The other Justices concurred.